FAUSTO A. GARCÉS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 1141.—*Sometido:* Abril 13, 1944. *Resuelto:* Junio 8, 1944.

J. A. *Surís Agraít,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Por escritura otorgada el 18 de febrero de 1944, Rosario Capriles Atresino constituyó una servidumbre, como dueña de una finca urbana en la población de San Germán, a favor de Fausto Garcés, dueño del que pasaría a ser predio dominante. Dicha servidumbre consistiría en no usar el frente de su finca, sobre el cual había instalada una bomba de gasolina. Se convino en dicha escritura que la dueña del predio sirviente "se compromete a quitar la bomba instalada en dicho frente de su finca y a no usar dicho frente para dar buena vista a la finca del compareciente de la segunda parte, quien se compromete a no usarlo en ninguna forma, ni a permitir que otra persona lo use, haciendo edificación o estorbo a la vista de las dos fincas."

El registrador se negó a inscribir la escritura mediante la siguiente nota:

"Denegada la inscripción del presente documento por observarse que la pretensa servidumbre consiste en prohibir a la señorita Capriles Atresino el uso del frente de su finca para dar buena vista a la finca del señor Garcés, sin que se exprese claramente si ese frente, cuyo uso se prohibe, está o no comprendido dentro de los límites de la finca sobre la cual se constituye y de estarlo, cuál es su medida y extensión superficial . . ."

Uno de los propósitos del registro de la propiedad es proporcionar al público en general información minuciosa, de suerte que toda persona que contrate sobre un inmueble pueda determinar el *status* exacto del mismo. Al constituirse una servidumbre deben establecerse clara e inequívocamente la extensión y área de la misma. Si el propósito de la dueña del predio sirviente al constituir la servidumbre en controversia era obligarse a no usar el frente de su predio urbano, debió establecer claramente la extensión y área que esa prohibición cobijaba. Era imprescindible que se hiciera constar claramente no sólo la medida del frente si que

también la del fondo del pedazo de terreno sujeto a la servidumbre (Artículo 9, párrafo 2, Ley Hipotecaria).

*Debe confirmarse la nota del Registrador.*